J. S35014/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LAMAR DOUGLAS, | : | No. 2513 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, July 29, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1036272-1992

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND MUSMANNO, J.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:          **FILED MAY 05, 2016**

Lamar Douglas appeals, ***pro se***, from the July 29, 2014 order of the

Court of Common Pleas of Philadelphia County denying his third petition filed

pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-

9546.

The PCRA court provided the following procedural history:

> On March 8, 1994, a jury found [appellant]
> guilty of two counts of First Degree Murder, two
> counts of Aggravated Assault, and one count each of
> Possession of an Instrument of Crime and Criminal
> Conspiracy.[1]  [Appellant] was sentenced to life
> imprisonment on the Murder conviction[s], to run
> concurrently to each other, as well as two
> 30-60-month terms of imprisonment for the
> Aggravated Assault conviction[s] to run
> consecutively to the life sentence.  No additional
> penalty was imposed on the remaining charges.

---

[1] 18 Pa.C.S.A. §§ 2502(a), 2702, 907, and 903, respectively.

[Appellant] filed an appeal, and on June 19, 1995, the Superior Court affirmed the judgment of sentence.[2]

On December 3, 2003, [appellant] filed his first *pro se* PCRA petition. [Appellant] was represented by counsel. After review, on March 30, 2004, the petition was dismissed as untimely. No appeal was filed.

On June 14, 2013, [appellant] filed the instant *pro se* PCRA petition, his third. After conducting an extensive and exhaustive review of [appellant's] filings, record, and applicable case law, this Court found that [appellant's] petition for post conviction collateral relief was untimely filed. Therefore, this Court did not have jurisdiction to consider [appellant's] PCRA petition.

PCRA court opinion, 10/5/15 at 1-2 (footnote omitted). Appellant filed the instant timely appeal on August 12, 2015, after having his appellate rights reinstated *nunc pro tunc* on August 4, 2015.

In his sole issue on appeal, appellant claims that his sentence violated a newly recognized constitutional right pursuant to the United States Supreme Court's decision in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012). In order for appellant's petition to be timely, it would have had to have been filed within 60 days of the Court's decision. 42 Pa.C.S.A. § 9545. In the instant case, the Supreme Court announced its decision in *Miller* on June 25, 2012. Appellant did not file the instant petition until

---

[2] *See Commonwealth v. Douglas*, No. 1766 Philadelphia 1994, unpublished memorandum (Pa.Super. filed June 19, 1995).

J. S35014/16

June 14, 2013. As a result, we do not have jurisdiction to consider appellant's petition.[3]

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2016

---

[3] Moreover, we note that assuming we had jurisdiction, appellant's petition would fail on its merits because he was 21 years old at the time of his crime. (**See** appellant's brief at 8.) The **Miller** Court held that mandatory sentences of life imprisonment without the possibility of parole for **juvenile** offenders violated the Eighth Amendment. **Id.** at 2469. The Court made very clear that its decision applied only to "those under the age of 18 at the time of their crimes." **Id.** at 2460. The Supreme Court's recent decision in **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718 (2016), which held that the **Miller** decision is to be applied retroactively, is of no consequence here, as it did not apply to individuals 18 years of age and older at the time of their crimes.